## IN THE
## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

UNITED STATES OF
AMERICA,
     Plaintiff,

v.

PERRY HARRINGTON,
     Defendant.

Case No. 1:12-CR-10118-JEH

### Order

Now before the Court are Defendant, Perry Harrington's, motions for compassionate release and for sentence reduction under Amendment 821. (D. 128 & 129). For the reasons stated, *infra*, the motions are denied.[1]

### I

### A

Harrington was indicted on April 8, 2013, with six counts of distribution of cocaine and cocaine base, and one count of possession with intent to distribute. (D. 15). The Government also sought sentencing enhancement under 21 U.S.C. § 851 for five prior felony drug convictions. (D. 13). All of Harrington's prior convictions were cocaine cases under Illinois law. (D. 80 at ECF p. 16). A jury trial found Harrington guilty on all seven counts. (D. 44). Harrington was sentenced on September 5, 2014, to seven concurrent sentences of 360 months in prison followed by concurrent terms of 6 and 8 years of supervised release. (D. 82). The guideline range of 360 months to life was based upon Harrington's status as a career offender

---

[1] Citations to the electronic docket are abbreviated as "D. ___ at ECF p. ___."

with a Total Offense Level of 37 and a Criminal History Category of VI. (D. 52 at ECF p. 30). In imposing the sentence Judge Shadid noted a risk of reoffending. (D. 104 at ECF pp. 107-08). Harrington is currently incarcerated at FCI Berlin. (D. 128 at ECF p. 8). On January 22, 2025, President Joseph R. Biden granted Harrington partial clemency, reducing his sentence from 360 to 220 months with all other terms remaining unchanged. (D. 127).

**B**

Harrington asserts several bases for his eligibility for a reduced sentence. First, he asserts he suffers from asthma, diabetes, and chronic kidney disease which leave him unable to perform self-care, and that these conditions require long-term medical care not provided by FCI Berlin. (D. 128 at ECF p. 11-12). He also argues these conditions leave him at increased risk for COVID-19. *Id.* Next, he argues a change in law has rendered his length of sentence disproportionate to the one he would receive if sentenced today. *Id.* at ECF p. 5. Finally, Harrington argues that given the holding in *United States v. Ruth*, his previous cocaine convictions under Illinois law would no longer count as predicate offenses for 21 U.S.C. § 851 enhancement, which would reduce his sentencing guideline range were he sentenced today. 966 F.3d 642, 650 (7th Cir. 2020). Harrington points to his completion of educational and vocational courses, status as a nonviolent offender, and family support as factors weighing in favor of release. (D. 128 at ECF pp. 15-21). Harrington also moves for a reduction in sentence per Amendment 821, arguing its' retroactive changes to the previous criminal history calculation would result in a reduced sentence. (D. 129).

The Government in turn argues Harrington has not exhausted his administrative remedies, is exaggerating his medical conditions, and that they do

2

not qualify as extraordinary and compelling reasons. (D. 135 at ECF pp. 26-28). Next the Government argues Harrington's sentence length does not qualify as an extraordinary and compelling circumstance, that any argument based upon change in law is barred by Seventh Circuit precedent, and that Harrington's partial clemency cures any sentencing discrepancy created by the change of interpretation in *Ruth*. *Id.* at ECF p. 28-29. Finally, the Government maintains Harrington poses a substantial re-offense risk, has incurred multiple disciplinary infractions while in prison, and is still classified as a medium-level recidivism risk despite his many years of incarceration. *Id.* at ECF p. 29. Regarding the Amendment 821 motion, the Government and Harrington's counsel agree that Harrington's status as a career offender means any retroactive criminal history calculation change would not result in an altered guideline range. *Id.* at ECF p. 1 n.1.

## II

## A

Title 18, § 3582(c)(1)(A) creates an exception to the general rule that a "court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). As relevant here, a court "may reduce the term of imprisonment" if it finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)(A). Congress did not define "extraordinary and compelling reasons" in the statute. Instead, it delegated that task to the Commission. 28 U.S.C. § 994(t) (Commission, in policy statements, "shall describe what should be considered extraordinary and compelling reasons for sentence reduction" under § 3582(c)(1)(A)).

On November 1, 2023, the Commission amended § 1B1.13, which is its policy statement on reduction of prison terms under § 3582(c)(1)(A), setting forth the following:

> (a) **In General.**--Upon motion of the Director of the Bureau of Prisons or the defendant pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
>> (1)(A) Extraordinary and compelling reasons warrant the reduction; or
>>> (B) The defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
>>
>> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>>
>> (3) The reduction is consistent with this policy statement.
>
> (b) **Extraordinary and Compelling Reasons.**--Extraordinary and compelling reasons exist under any of the following circumstances or a combination thereof:
>
>> (1) **Medical Circumstances of the Defendant.**--
>>> (A) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include

4

metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

**(B)** The defendant is--

    **(i)** suffering from a serious physical or medical condition,

    **(ii)** suffering from a serious functional or cognitive impairment, or

    **(iii)** experiencing deteriorating physical or mental health because of the aging process,

    that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

**(C)** The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

**(D)** The defendant presents the following circumstances-

    **(i)** the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;

    **(ii)** due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and

    **(iii)** such risk cannot be adequately mitigated in a timely manner.

5

(2) **Age of the Defendant.**--The defendant (A) is at least 65 years old; (B) is experiencing a serious deterioration in physical or mental health because of the aging process; and (C) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(3) **Family Circumstances of the Defendant.**--

    **(A)** The death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition.

    **(B)** The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

    **(C)** The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.

    **(D)** The defendant establishes that circumstances similar to those listed in paragraphs (3)(A) through (3)(C) exist involving any other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver for such family member or individual. For purposes of this provision, 'immediate family member' refers to any of the individuals listed in paragraphs (3)(A) through (3)(C) as well as a grandchild, grandparent, or sibling of the defendant.

(4) **Victim of Abuse.**--The defendant, while in custody serving the term of imprisonment sought to be reduced, was a victim of:

    **(A)** sexual abuse involving a "sexual act," as defined in 18 U.S.C. 2246(2) (including the

6

conduct described in 18 U.S.C. 2246(2)(D) regardless of the age of the victim); or
**(B)** physical abuse resulting in "serious bodily injury," as defined in the Commentary to § 1B1.1 (Application Instructions);

that was committed by, or at the direction of, a correctional officer, an employee or contractor of the Bureau of Prisons, or any other individual who had custody or control over the defendant.

For purposes of this provision, the misconduct must be established by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding, unless such proceedings are unduly delayed or the defendant is in imminent danger.

**(5) Other Reasons.**--The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).

**(6) Unusually Long Sentence.**--If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

(c) **Limitation on Changes in Law.**--Except as provided in subsection (b)(6), a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement. However, if a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction under this policy statement, a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) may be considered for purposes of determining the extent of any such reduction.

(d) **Rehabilitation of the Defendant.**--Pursuant to 28 U.S.C. 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement. However, rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted.

(e) **Foreseeability of Extraordinary and Compelling Reasons.**--For purposes of this policy statement, an extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of imprisonment. Therefore, the fact that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement.

U.S.S.G § 1B1.13. Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement), FSG § 1B1.13.

Amendment 821 changes the criminal history point calculation for any defendant who committed an offense "while under any criminal justice sentence,

8

including probation, parole, supervised release, imprisonment, work release, or escape status." Amendment 821 amends Section 4A1.1 of the Guidelines to apply one point, instead of two, for defendants such as Harrington who otherwise present seven or more criminal history points.

## B

Prior to filing a motion for compassionate release, a prisoner must first "present his request for compassionate release to the warden and exhaust administrative appeals." *United States v. Sanford*, 986 F.3d 779, 782 (7th Cir. 2021) (citing 18 U.S.C. § 3582(c)(1)(A)). Exhaustion of administrative remedies is a mandatory prerequisite for a judge to grant a motion for compassionate release. *Id.* Harrington has not exhausted his administrative remedies prior to filing this motion. As movant, Harrington has the burden of proof for all elements of his claim. *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021). While he claims that he submitted a letter to the Federal Bureau of Prisons ("BOP") on November 1, 2024, and not received any response, he did not include any such documentation in his filing. (D. 128 at ECF p. 3). Therefore, his motion must fail on this ground alone. However, even if he had exhausted his administrative remedies, none of the bases asserted by Harrington, considered singly or in combination with each other, fall within the Commission's § 3582(c)(1)(A) definition of "extraordinary and compelling" reasons.

First, a review of Harrington's medical record reveals that none of his medical issues qualify as extraordinary and compelling reasons warranting sentence reduction. Harrington by his own admission has no issues which substantially hamper his ability to provide self-care, as required by U.S.S.G. § 1B1.13 (b)(1)(B). (D. 128-2, at ECF p. 4). His medical report describes his conditions

9

as "prediabetes" and "mild chronic kidney disease," neither of which require any care besides diet and monitoring. (D. 128-3 at ECF p. 5). He lives in the general population at FCI Berlin and requires no personal assistance, medications, or medical devices. (D. 135 at ECF p. 28). His listed care level of "healthy or simple chronic care" indicates he can adequately care for himself. (D. 128-1 at ECF p. 13). The record also indicates his conditions are receiving appropriate care within the facility, foreclosing § 1B1.13 (b)(1)(C). (D. 128-3, at ECF p. 5). While Harrington claims he has been denied treatment, the BOP in fact alerted him to his kidney issues and diabetes. *Id.* His medical report does not paint a picture of a man denied medical treatment and states he is free to follow up at sick call as needed. *Id.* Any argument that his conditions leave him at increased risk for COVID-19 under § 1B1.13 (b)(1)(D)(ii) is foreclosed by *United States v. Ugbah* as Harrington has not shown he is unable to receive the COVID-19 vaccine. 4 F.4th 595, 597 (7th Cir. 2021).

Next, the Seventh Circuit has found the Sentencing Commission erred in promulgating § 1B1.13(b)(6) to the extent that it allows a court to consider a nonretroactive change in the law as an "extraordinary and compelling reason" to reduce a sentence, either singly or in combination with other factors. *United States v. Black*, 131 F.4th 542, 546 (7th Cir. 2025). Also, § 1B1.13(c) provides that "a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement." U.S.S.G. § 1B1.13(c). Harrington has not pointed to any change in the law to support his § 1B1.13(b)(6) argument but regardless, given the *Black* holding, any argument he may raise under this provision cannot succeed. *Id.* at 546.

10

Finally, there are no other circumstances or combination of circumstances raised which might qualify as extraordinary and compelling reasons under § 1B1.13(b)(5). Harrington asserts that given the Seventh Circuit's holding in *Ruth* he would be given a lesser sentence if convicted today. 966 F.3d at 650-51. Harrington relies on the fact that the *Ruth* holding was a change in interpretation of existing law and therefore a disparity in sentence may be considered without violating § 1B1.13(c). *White v. United States*, 8 F.4th 547, 556 (7th Cir. 2021). *Ruth* found that the Illinois cocaine statute defined cocaine more broadly than its federal counterpart, and therefore if sentenced today Harrington's state cocaine convictions could not count as predicate felonies for a 21 U.S.C. § 851 enhancement. 966 F.3d at 650. These enhancements increased the statutory maximum term of imprisonment for his cocaine convictions from 20 years to 30 years, and the maximum term for his cocaine base convictions from 40 years to life. 21 U.S.C. § 841(b)(1). If sentenced today Harrington would be given a guideline range of 262 to 327 months using a Total Offense Level of 34 given his status as a career offender and a highest maximum term of 25 years or more. U.S.S.G. § 4B1.1(b). Harrington's prior cocaine convictions under Illinois law would still result in designation as a career offender, because in *Ruth* the Seventh Circuit found the "career offender" designation could include state law offenses defined more broadly than their federal counterparts. 966 F.3d at 654. Considering President Biden's clemency to 220 months Harrington is serving a lesser sentence than the guideline range he would receive were he convicted today, and therefore any disparity in sentence created by the *Ruth* holding has already been cured. (D. 127).

11

Even if this Court were to find Harrington possessed an extraordinary and compelling circumstance, an analysis of the 18 U.S.C. § 3553(a) factors does not demonstrate that a reduction is appropriate in this case. When imposing a guideline minimum sentence, Judge Shadid emphasized the seriousness of Harrington's offenses and his recidivism risk. (D. 104 at ECF pp. 107-08). His activity in prison does not favor a reduction either. Despite participating in a drug distribution conspiracy Harrington has shown no interest in the prison's drug abuse program. (D. 128-1 at ECF p. 13). He is classified by the BOP as a medium security level prisoner with a medium recidivism risk despite over a decade of incarceration. (D. 128-1 at ECF p. 11). He also has a checkered disciplinary record, receiving 8 citations including one as recently as 2022 for fighting another inmate. (D. 128-1 at ECF p. 13).

Harrington's Amendment 821 motion similarly fails. As previously enumerated, Harrington is classified as a career offender because he has two or more prior felony drug convictions. (D. 52 at ECF p. 13). Because of this he automatically receives a Criminal History Category of VI. U.S.S.G. § 4B1.1(b). Therefore, any retroactive changes to his criminal history point calculation would not result in a change in his sentencing guideline range, and as such he is ineligible for relief under Amendment 821.

### III

For the reasons stated, *supra*, the Defendant's motions are denied.

*It is so ordered.*

Entered on June 11, 2025

<u>s/ Jonathan E. Hawley</u>
U.S. DISTRICT JUDGE